UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN VALENTINA SUAREZ CONTRERAS (A No. 220 667 686),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-3252 DAD CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be granted.

I. Facts

Petitioner, a citizen of Venezuela, ECF No. 5-1 at 1, entered the United States without authorization on or around October 15, 2021, at or near Del Rio, Texas.  Id. at 2.  Petitioner was detained, removal proceedings were commenced, and petitioner was released.  Id.

On December 11, 2025, petitioner was convicted in Utah of unlawful use of a financial transaction card, Utah Code § 76-6-506.2, resulting in loss exceeding $1,500 but less than $5,000,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

a third degree felony.  ECF No. 5-3 at 12-13.  Petitioner was not ordered to serve any prison time.  Id.

On March 5, 2026, petitioner was arrested in Utah when she appeared at a probation office and was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) & § 1182(a)(7)(A)(i)(I).  ECF No. 5-1 at 1-2.  She was ordered to appear for immigration proceedings on March 17, 2026, in Orem, Utah.  ECF No. 5-2 at 1.

Petitioner challenges her continued detention at the California City ICE Detention Facility.  The status of petitioner's removal proceedings is not clear.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Under that statute, the Attorney must take into custody any alien who

> (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without

2

regard to whether the alien may be arrested or imprisoned again for the same offense.

Respondents are correct that petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(A) as "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General."

However, respondents are not correct that petitioner's conviction for "unlawful use of financial transaction card" pursuant to Utah Code § 76-6-506.2 amounts to "theft" under § 1226(c)(1)(E)(ii).  Under § 1226(c)(2) the term "theft" has the meaning it has under Utah law.  In Utah, theft is defined as obtaining or exercising unauthorized control over another person's property with the purpose to deprive the person of the property.  Utah Code § 76-6-404(2). "Unlawful use of financial transaction card" is identified in Utah as a crime of fraud.  Id. at § 76-6-500 et seq.  Theft is different from fraud as theft requires that property be taken without permission while property obtained via fraud is passed voluntarily.  Utah Code §§ 76-6-404(2), 76-6-506.2.  Accordingly, respondents fail to show petitioner is subject to mandatory detention.

Respondent concedes that petitioner's detention is governed by 8 U.S.C. § 1226.  ECF No. 5 at 2.  Since petitioner is not subject to mandatory detention under § 1226(c), she is entitled to a bond hearing under § 1226(a).  It will be the recommendation of this court that such a hearing be ordered.  At the hearing, petitioner bears the burden of establishing that she is not a flight risk or a danger to the community.  See Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).

IV.  Conditions of Confinement and Circumstances of Arrest

Petitioner complains about her conditions of confinement and the circumstances of her arrest, e.g. petitioner was subjected to excessive force during arrest.  While the court finds such allegations do not provide a basis for habeas corpus relief, see Cervantes v. Becerra, 1:25-cv-2058 KES SAB HC, 2026 WL 603742, *2 (E.D. Cal., March 4, 2026) petitioner is advised that good

3

faith claims for damages based upon conditions of confinement or circumstances of arrest may be presented in a civil rights action or possibly a Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be given 14 days to provide petitioner a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  If petitioner is not provided a bond hearing within the prescribed time, respondents be required to release petitioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 7 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 7 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cont3252.imm.frs

4