UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN VALENTINA SUAREZ CONTRERAS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03252-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION TO STRIKE AS MOOT

(Doc. Nos. 8, 10)

Petitioner Karen Valentina Suarez Contreras is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 8.) Specifically, the magistrate judge found that petitioner was not properly detained pursuant to 8 U.S.C. § 1226(c)(1)(E) because the qualifying conviction was not for "theft" but instead a "crime of fraud" which requires proof of different essential elements than a charge of "theft." (*Id.* at 2–3.) Accordingly, the findings and recommendations found that petitioner was entitled to a substantive bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 3–4.) The pending findings and recommendations were served on the parties and contained notice that any

objections thereto were to be filed within seven (7) days after service. (*Id.* at 4.) On June 12, 2026, respondents filed untimely objections comprising a single sentence stating that they object for the same reasons provided in their prior briefing. (Doc. No. 9.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner is not properly detained pursuant to 8 U.S.C. § 1226(c). However, the court declines to adopt the findings and recommendations as to the recommended remedy.

Here, respondents have solely argued that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c). However, respondents also concede that petitioner was encountered by immigration authorities on October 15, 2021 and released on her own recognizance. (Doc. No. 5 at 1.) In light of petitioner's prior release, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in the petitioner's continued release. As this court and a majority of other district courts have repeatedly explained, a pre-deprivation hearing is typically required prior to the re-detention of a previously released detainee. *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (collecting cases). Respondents have failed to make any argument as to why they were unable to provide petitioner with the requisite pre-deprivation hearing. To the extent that respondents contend such a pre-deprivation hearing was not required because petitioner's detention was mandatory pursuant to 8 U.S.C. § 1226(c), the court has rejected the applicability of that statute. Accordingly, the court finds that the appropriate remedy is immediate release. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7 (C.D. Cal. Apr. 15, 2026) (finding that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing).

For the reasons above,

1. The findings and recommendations issued on June 1, 2026 (Doc. No. 8) are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Karen Valentina Suarez Contreras, A-File No. 220-667-686, from respondents' custody;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;
3. Petitioner's motion to strike (Doc. No. 10) is DENIED as moot;
4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE